

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BEHER HOLDINGS TRUST**  PLAINTIFF

**VS.**  CAUSE NO. 3:15cv7 HTW-LRA

**JOSEPH P. FRASCOGNA**  DEFENDANT

## COMPLAINT

## JURY TRIAL DEMANDED

1. The parties are:

    (a) Beher Holdings Trust ("BHT"), a trust organized under the laws of Bermuda; and

    (c) Joseph P. Frascogna ("Frascogna"), an adult resident citizen of the State of Mississippi who may be served with process at 147 Republic Street, Madison, Mississippi.

2. Jurisdiction is proper pursuant to 28 U.S.C. 1332. This is an action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

3. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2) and (3) since a substantial part of the events giving rise to the claim occurred in Hinds County, Mississippi and the defendant is a resident of Madison County, Mississippi.

4. On March 1, 2011, BHT and Community Home Financial Services, Inc. ("CHFS") entered into an agreement pursuant to which BHT agreed to provide $6,500,000.00 to purchase a package of loans known as the 2008 Blue Water Pools Mortgage Portfolio consisting of approximately 700 loans secured by second mortgages with an outstanding principal balance of $10,000,000 ("BHT Agreement"). A copy of the

1

Agreement is attached as Exhibit "A". The BHT Agreement provided that BHT owns the notes and mortgages and is entitled to exclusive and sole possession of them.

5. The original loan notes had blank assignments from the originating lender, so they were similar to bearer bonds and were negotiable. The trustee of BHT required the original loan notes be held by a licensed attorney to serve as their custodian. The loans were to be serviced by CHFS. When individual loans were paid off, the original notes were released by the custodian to the borrower(s). For efficiency, Butch Dickson, the President of CHFS, recommended Frascogna, an attorney who rented space in his building.

6. Frascogna agreed to act as custodian of the original loan notes. Frascogna provided a "Custodial Certification" for the loans held in each installment of the mortgage portfolio. One of his Custodial Certifications is attached as Exhibit "B". At all relevant times, Frascogna held the original loan notes in trust for BHT.

7. On January 2, 2012 Ian Stone, an attorney for the trustee of BHT, instructed Frascogna to send the original loan notes to Bermuda for safe keeping. Frascogna agreed to do so and wrote on January 2, 2012, *"I am having the notes arranged for mailing and expect to get them out to you in the coming week."* A month later Frascogna verbally acknowledged that he had given the original notes to Butch Dickson, but said he would try to retrieve them. He never did. The e-mail correspondence is attached as Exhibit "C".

8. The original loan notes disappeared and have not been located to date. On information and belief, Butch Dickson liquidated them in either Panama or Costa Rica.

9. By handing the original loan notes over to Butch Dickson, Butch Dickson could treat them as his personal property and retain all proceeds. Proceeds from the

BHT loans averaged $155,000.00 per month from the date of their purchase until Frascogna wrongfully gave the original notes to Butch Dickson. Without the original notes, BHT could not transfer servicing of the loans. As a result of Frascogna's actions, BHT has lost $155,000.00 per month from February, 2012 to date.

10. In addition, Frascogna's actions have cost BHT the majority of loan portfolio value. BHT purchased the portfolio over 3 years ago for $5,777,754.00. Since then, the value of the portfolio has increased as real estate values have stabilized and interest rates have dropped. When BHT purchased the portfolio, 85% of the loans were performing on a monthly basis. Due to the lapse of proper servicing outside of BHT control, only 26% of the loans are presently performing. In the second mortgage portfolio market, performing loans as found in the BHT portfolio typically sell for about 85% of face value. The 26% of BHT loans (139) presently performing have an outstanding principal balance of $1,398,952 x 85% = $1,189,109.00. Non-performing second mortgage loans have a market value of under 10% face value. The non-performing loans have an outstanding principal balance of $4,698,955 X 10% = $469,895.00. The estimated present value of the portfolio is thus $1,659,004.00. This is $4,118,750.00 less than BHT paid for the portfolio, which was the value at the time of the purchase. The losses due to Frascogna's actions include over $5,707,835.00 in lost proceeds to date plus at least a $4,118,750.00 diminution in portfolio value for a total at least $9,826,585.00 in actual damages to date.

11. As custodian, Frascogna owed BHT a contractual and fiduciary duty to hold the original loan notes.

12. Frascogna's negligent breach of his duties and his failure to perform his obligations owed to BHT was the proximate cause of the losses and damages sustained by BHT as described herein.

13. Frascogna's conduct constitutes gross negligence and exhibited a reckless disregard of the rights of BHT.

14. BHT is entitled to an award of punitive damages due to Frascogna's gross negligence and/or will misconduct.

WHEREFORE, PREMISES CONSIDERED, Beher Holdings Trust request that this Court grant it a judgment against Joseph P. Frascogna for all actual and consequential damages incurred plus interest thereon from the date of injury and all attorney fees and expenses incurred and an award of punitive damages.

DATED: January 5, 2015.

**BEHER HOLDINGS TRUST**

By: _____
Its Attorney

Jeff D. Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642

4